Jeffrey T. Hammerschmidt, #131113
HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 215
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, Richard Best

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>Richard Best,<br><br>    Defendant. | Case No.: **1:22-CR-00241-JLT-SKO-1**<br><br>Defendant Richard Best's Detention Hearing Brief Regarding Conditions of Pretrial Release<br><br>Date: September 29, 2022<br>Time: 2:00 p.m.<br>Location: |

**I.**
**SUMMARY OF ARGUMENT**

The Indictment charges Mr. Best with one count of 18 U.S.C. § 1349 and two counts of 18 U.S.C. § 1343. Those crimes are not offenses listed in the Bail Reform Act, 18 USC § 3142 (f)(1). Consequently, Mr. Best's release on personal recognizance without conditions is mandated under the Bail Reform Act unless the government makes an initial showing that there is a serious risk that Mr. Best will flee or obstruct justice or threaten, injure, or intimidate a prospective witness or juror. 18 USC § 3142 (f)(2).

There is no serious risk that Mr. Best will flee, obstruct justice, or act improperly toward any witness or juror. Mr. Best is 68 years old with strong personal and professional ties to California and it's Central Valley. He has been available to and cooperative with law

enforcement during the investigation of the alleged offenses. Given this, the government cannot make the required showing under 18 USC § 3142(f)(2) and Mr. Best must be released on personal recognizance and without conditions.

## II.
## LAW AND ARGUMENT

### A. General Principles

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. *See* 18 U.S.C. § 3142(f) (detention hearings available if case involves crimes of violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or certain repeat offenders). *Id* at 747.

The Bail Reform Act favors release on personal recognizance with the only conditions being that the defendant obey all laws and cooperate in the collection of a DNA sample where authorized. 18 U.S.C. § 3142(c)(1)(A).

If, and only if, the Court determines that pretrial release on personal recognizance without additional conditions is insufficient to *reasonably* assure Mr. Best's presence in court as required or that it would endanger a person or the community, then may a detention hearing be held and conditions of release be ordered. 18 U.S.C. §3142(c). Pretrial detention and conditions of pretrial release are last resorts.

//

**B. Because the Government Cannot Demonstrate that any §3142(f) Factor is Present, Mr. Best is Statutorily Entitled to Release on his Own Recognizance Without Any Additional Conditions.**

"The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. *See* 18 U.S.C. § 3142(f) (detention hearings available if case involves crimes of violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or certain repeat offenders). *United States v. Salerno*, 481 U.S. 739, 747, (1987). 18 U.S.C. § 3142(f), in pertinent part, provides:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--
>
> **(1)** upon motion of the attorney for the Government, in a case that involves--
>
> **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> **(B)** an offense for which the maximum sentence is life imprisonment or death;
> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
> **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; **OR**
>
> **(2)** upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
> **(A)** a serious risk that such person will flee; or

    **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f) (Emphasis added.)

This is not a case involving any factor listed under §3142(f)(1). Because no (f)(1) factor is present in this case, the Government must establish an (f)(2) to allow a detention hearing to be held. The Government cannot make that showing. There is no *serious* risk that either Mr. Best will flee or "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2).[1] A judicial officer can only hold a detention hearing pursuant to the Bail Reform Act where the Government or the court has made an initial showing that a §3142(f) factor exists.[2] 18 U.S.C. §3142(e); *United States v. Himler*, 797 F.2d 156, 160 (3rd Cir., 1986). In *Himler*, the Government argued that the Bail Reform Act did not limit detention hearings to only those cases in § 3142(f) and the function of that subsection was to specify which cases mandate a detention hearing. The Court disagreed:

> The legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from "a small but identifiable group of particularly dangerous defendants."[3]
> It is true that a hearing may be held in connection with any bail decision. However, detention may be ordered only "after a hearing pursuant to the provisions of subsection (f)."[4] Therefore, as stated in the legislative history, "the requisite circumstances for invoking a detention hearing in effect serve to limit

---

[1] Further, though often asserted, dangerousness is an invalid legal basis to hold a detention hearing based upon the language of the statute. Danger to the community is considered where conditioned pretrial release is appropriate. 18 U.S.C. § 3142(c).
[2] The judicial officer may only hold a detention hearing on their own motion where a §3142(f)(2) factor exists.
[3] S.Rep. No. 225, 98th Cong., 1st Sess. 6-7 (1983), U.S.Code Cong. & Admin.News 1984, pp. 3182, 3189.
[4] 18 U.S.C. § 3142(e) (Supp. II, 1985).

Case 1:22-cr-00241-JLT-SKO    Document 4    Filed 09/23/22    Page 5 of 6

the types of cases in which detention may be ordered prior to trial."[5] Pretrial detention may not be considered except under carefully specified circumstances.

Therefore it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute.

*Himler,* supra at 160. (Internal Citations omitted and placed in Footnote)

Because there is no §3142(f) factor that the Government can establish, there is no statutory basis for a detention hearing and Mr. Best must be released on his own personal recognizance.

**C. Even if the Court Finds that § 3142(f)(2) Factor has been Established, Release on Personal Recognizance is Appropriate.**

A "judicial officer shall order the pretrial release of the person on personal recognizance…subject to the condition that the person not commit a federal, state, or local crime during the period of release…" 18 U.S.C. § 3142(b)

In cases where *no reasonable assurance of appearance or community safety exists*, any conditions imposed must be the least restrictive means to achieve the ends sought: Mr. Best's appearance as required and the safety of the community or a person within it. *See, Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *United States v. Rueb*, 612 F.Supp.2d 1068, 1072 (D. Neb. 2009); 18 U.S.C. § 3142(c)(1)(B).

Mr. Best has significant personal and professional ties to the Eastern District of California and has been cooperative with law enforcement during the investigation into the alleged offenses in the indictment with full knowledge that there was an ongoing criminal

---

[5] S.Rep. No. 225, *supra,* at 20, U.S.Code Cong. & Admin.News 1984, at 3203.

the types of cases in which detention may be ordered prior to trial."[5] Pretrial detention may not be considered except under carefully specified circumstances.

Therefore it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute.

*Himler,* supra at 160. (Internal Citations omitted and placed in Footnote)

Because there is no §3142(f) factor that the Government can establish, there is no statutory basis for a detention hearing and Mr. Best must be released on his own personal recognizance.

**C. Even if the Court Finds that § 3142(f)(2) Factor has been Established, Release on Personal Recognizance is Appropriate.**

A "judicial officer shall order the pretrial release of the person on personal recognizance…subject to the condition that the person not commit a federal, state, or local crime during the period of release…" 18 U.S.C. § 3142(b)

In cases where *no reasonable assurance of appearance or community safety exists*, any conditions imposed must be the least restrictive means to achieve the ends sought: Mr. Best's appearance as required and the safety of the community or a person within it. *See, Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *United States v. Rueb*, 612 F.Supp.2d 1068, 1072 (D. Neb. 2009); 18 U.S.C. § 3142(c)(1)(B).

Mr. Best has significant personal and professional ties to the Eastern District of California and has been cooperative with law enforcement during the investigation into the alleged offenses in the indictment with full knowledge that there was an ongoing criminal

---

[5] S.Rep. No. 225, *supra,* at 20, U.S.Code Cong. & Admin.News 1984, at 3203.

investigation into Mr. Best. Mr. Best has agreed to self-surrender on September 29, 2022, and is willing to surrender his passport to the court.

Mr. Best's actions under these circumstances show that Mr. Best poses no serious risk of flight and that there is no serious risk that Mr. Best will harm any potential witness or juror or obstruct justice. His actions also provide reasonable assurance to the court regarding both community safety and of his appearance in court as required.

## IV.
## CONCLUSION

Based on the foregoing, Mr. Best requests the Court order his immediate release from detention and that he be placed on pretrial release on personal recognizance as specified under 18 U.S.C. § 3142(b).

Dated:  September 22, 2022                           Respectfully submitted,

                                                     /s Jeffrey T. Hammerschmidt
                                                     JEFFREY T. HAMMERSCHMIDT
                                                     Attorney for Defendant
                                                     Mr. Best