Jeffrey T. Hammerschmidt, #131113
**HAMMERSCHMIDT LAW CORPORATION**
2445 Capitol Street, Suite 215
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, RICHARD BEST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD BEST,<br><br>Defendant | Case No.: 1:22-CR-00241-JLT-SKO<br><br>**DECLARATION OF JEFFREY T. HAMMERSCHMIDT IN SUPPORT OF MOTION TO COMPEL GOVERNMENT TO ISSUE THEIR SUBPOENAS FOR CURRENT AND FORMER ADM EMPLOYEES JOINTLY FOR THE PROSECUTION AND DEFENSE** |

I, Jeffrey T. Hammerschmidt, hereby declare:

1. Michael Marderosian and I are appointed CJA counsel representing Richard Best.

2. Almost all of the ADM current and former employees who will be prosecution and defense witnesses at trial live outside the state of California.

3. Co-defendant Shawn Sawa entered into a plea agreement that contains a cooperation clause with respect to the prosecution of Richard Best. The Government provided me with a copy of Mr. Sawa's plea agreement. Mr. Sawa's sentencing has been continued so that he can testify against Richard Best.

4. The Government advised me that they are in the process of subpoenaing Shawn Sawa for trial but declined my request to have him jointly served as a prosecution and defense witness. (See Exhibit A – a true and correct copy of an email string regarding this issue.)

5. I have doubts that the Government will call Mr. Sawa as a witness. Mr. Sawa is a critical witness for the defense. If Mr. Sawa is unavailable for trial, the defense will be requesting a continuance.

6. The Government is in a much better position to serve Mr. Sawa with a subpoena due to his cooperation agreement. I spoke with Mr. Sawa's counsel, Mark Coleman, on September 17, 2025. He advised me that Mr. Sawa has a home address but has been living in different locations in Canada. Mr. Coleman also advised me that Mr. Sawa does not have a Visa to travel into the United States and that Mr. Sawa needed AUSA Joseph Barton's assistance to make it into the United States so that Mr. Sawa could be in court for his change of plea.

7. I requested ADM's civil trial counsel, Tim Thompson and Michael Proctor, to provide me with information on numerous ADM employees for the purpose of serving them with subpoenas. Mr. Proctor did not respond. I provided Tim Thompson with the names of ADM employees I intend to subpoena on September 11, 2025. I did not receive a response from Tim Thompson to my email. (See Exhibit B – a true and correct copy of an email string regarding this issue.) On September 23, 2025 (which is after the draft of this declaration was sent to the court and to the prosecutors, I received an email from Bill Hahesy stating that he would accept email service of three of the ADM employees on my list. I replied that Federal Rule of Criminal Procedure Rule 17 requires personal service. I inquired of Mr. Hahesy if he had authority to the contrary. He replied that he would look into it and get back to me within the next couple of days.

8. Requiring the Government to serve joint subpoenas for the prosecution and defense would reduce attorneys fees and would save U.S. Marshal resources, along with reducing the chance of the defense requesting a continuance of trial due to unavailability of witnesses.

9. I will be working with the U.S. Marshal to get information for them to serve witnesses who aren't being served with subpoenas by the prosecution.

I declare under penalty of perjury under the laws of the State of California, that the following is true and correct and that this Declaration was executed on September 23, 2025, at Fresno, California.

/Jeffrey T. Hammerschmidt
JEFFREY T. HAMMERSCHMIDT
Attorney for Defendant Richard Best