ERIC GRANT
United States Attorney
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00241-JLT-SKO |
|---|---|
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE #1 TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT AT TRIAL** |
| v. | |
| RICHARD BEST, | |
| Defendant. | DATE: TBD<br>TIME: TBD<br>JUDGE: Honorable Jennifer L. Thurston |

The United States of America (the "United States") submits this motion in limine to exclude certain evidence and argument at trial (the "Motion"). For the reasons set forth herein, the Motion should be granted.

### I. BACKGROUND

**A.  Procedural History**

On September 1, 2022, a federal grand jury returned an indictment charging Defendant Richard Best ("Defendant") with three counts: (1) one charge for conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; and (2) two charges for wire fraud, in violation of Title 18, United States Code, Section 113(a)(4). [ECF #1 at 1, 6].

On September 3, 2025, the Court issued a pretrial order, including a motion schedule, with initial moving papers due on October 6, 2025, at 4:00 p.m. [ECF #57]. Oppositions to motions in limine are due on October 17, 2025. If necessary, the Court will schedule a motion hearing. *Id.*

A jury trial is scheduled for November 4, 2025, at 8:30 a.m. *Id.* At trial, the United States will prove beyond a reasonable doubt that at latest, in or around January 2015, and continuing until at least in or around February 2017, Defendant and Shawn Sawa (the "co-defendant") knowingly and intentionally agreed, combined, and conspired with each other, to execute and attempt to execute, by wire communications in interstate commerce, a material scheme to defraud various companies, and to obtain property owned by and under the custody and control of said companies (namely canola meal pellets), by means of materially false and fraudulent pretenses, representations, and promises. The United States will also prove beyond a reasonable doubt that Defendant, in executing this scheme to defraud, knowingly transmitted and caused to transmitted, by means of wire communications in interstate commerce, a wire transfer on January 5, 2017, of $20,000 from Texas to Defendant's bank account in the State and Eastern District of California, and an email of a company's inventory reports from Defendant's inventory manager, then-located in the State and Eastern District of California, to that company, whose recipient was then-located in the state of Illinois.

Prior to submission of this motion, the parties met and conferred as to the motion in limine and possible resolutions.

**B.** **<u>Evidence and Arguments at Issue</u>**

The United States seeks to exclude three sets of evidence for various purposes.

**First**, the United States seeks to exclude evidence of the outcomes of the related civil cases and the settlement negotiations therein.

In one case, Richard Best Transfers, Inc., Defendant's company, sued one of the victim entities under various claims, including breach of contract. *See Richard Best Transfers, Inc. v. Archer Daniels Midland, et al.*, No. 17CECG0122 (Fresno Sup. Ct.). The victim entity then filed a cross-complaint against, *inter alia*, Defendant and his co-defendant, under various causes of action, claiming that Defendant and his co-conspirators stole and sold the victim entity's canola product. The parties

ultimately settled without going to trial. *See id.* at (10-2-23, Request for Dismissal of Complaint and Request for Dismissal of Cross- Complaint).

In another case, Richard Best Transfers, Inc. sued, *inter alia*, Mahlenium Insurance Services, Inc., an insurance company, for negligence, seeking to recoup the value of cattle feed, including 3,500 tons of canola allegedly destroyed by rain. *See Richard Best Transfers, Inc. v. Mahlenium Ins. Servs., et al.*, No. 18CECG02797 (Fresno Sup. Ct.). The parties ultimately settled without going to trial. *See id.* at (9-28-21, Request for Dismissal of Complaint).

Based on conversations with opposing counsel and Defendant's filings with the Court, the United States believes Defendant seeks to characterize to the jury that the settlements, including an insurance payout, and the negotiations leading up to the agreements, are indicative of Defendant's innocence. *See, e.g.*, [ECF #59 at 2 (stating "the civil case settled unfavorably for [victim entity]")]. For instance, Defendant appears to be planning to claim that an insurance payout is proof that canola, in fact, was destroyed by rain as opposed to being stolen.

As detailed in the argument section, however, such evidence is irrelevant, barred by Rule 408, and substantially likely to confuse and mislead the jury.

This request, however, is not a blanket request to exclude all evidence stemming from the civil cases. The United States does not object to the admission of evidence from the civil cases to the extent such evidence is otherwise relevant and admissible (e.g., Defendant's admissions). Instead, the United States seeks exclusion of evidence introduced for the improper purpose of arguing that the outcomes of the civil cases are indicative of Defendant's guilt or innocence.

**Second**, the United States seeks to preclude Defendant from bringing in evidence of unrelated business disputes involving the victim entities and their representatives, including that sought to be admitted for improper character evidence purposes.

Based on the United States's review of the evidence and conversations with opposing counsel, the United States believes Defendant seeks to introduce evidence of unrelated business disputes. Defendant purportedly wants to introduce evidence that the victim entities and their representatives engaged in unfair business practices, including as described in the related civil action.

As detailed in the argument section, however, such evidence is irrelevant, constitutes impermissible character evidence, while its minimal probative value is substantially outweighed by the significant risk of unfair prejudice and likelihood of confusing and misleading the jury.

**Third**, the United States seeks to exclude argument of the affirmative defense of duress.

Based on the United States's review of the evidence and conversations with opposing counsel, the United States believes defense may raise an untenable argument of duress. Specifically, the United States believes that defense may claim that the codefendant "forced" Defendant to steal canola from the victim entities.

As detailed in the argument section, however, Defendant cannot make out a "pre-trial offer of proof" of a prima facie case of duress to allow for the introduction of such a defense to the jury.

## II. LEGAL STANDARD

A motion in limine is a pretrial request for the Court's guidance on the admissibility of certain evidence and arguments at trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) ("The term 'in limine' means 'at the outset.'"); *United States v. Castro-Cabrera*, 452 F. App'x 789, 792 (9th Cir. 2011) (affirming motion in limine excluding certain evidence and argument at trial). Trial courts have wide discretion in deciding such motions and may even "change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 (2000); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (explaining limine ruling are grounded in trial courts' "inherent authority to manage the course of trials"). Courts, however, should not use motions in limine to "resolve factual disputes or weigh evidence." *United States v. Haischer*, No. 2:11-CR-00267-MMD, 2012 WL 5199148, at *1 (D. Nev. Oct. 18, 2012).

## III. ARGUMENT

### A. Evidence of the Settlements/Outcomes of the Related Civil Cases and the Negotiations Therefrom Should Be Excluded

The Court should exclude any evidence of settlement discussions and the ultimate outcomes (including insurance payouts) from the related civil cases. This exclusion should also preclude any argument that such evidence is indicative of Defendant's guilt or innocence.

### 1. Evidence is Irrelevant to Criminal Case

The settlement discussions and the resulting settlements in the related civil cases are inadmissible as irrelevant evidence. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). In this criminal case, the jury will be tasked with determining whether Defendant committed wire fraud while conspiring with his co-defendant to do so. That Defendant and the other parties to the civil lawsuits agreed to settle their civil disputes, the discussions leading up to the agreements, and the eventual terms of the agreements do not tend to prove any "facts . . . of consequence" in the criminal case. *See* Fed. R. Evid. 401. Parties decide to forego or discontinue civil litigation and settle for a myriad of reasons, including those entirely irrelevant to criminal proceedings. *See, e.g.*, Fed. R. Evid. 408, Advisory Committee Notes (1972) ("[E]vidence of an offer to compromise a claim is . . . irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position."); *Hat v. Depositors Ins. Co.*, 339 F. App'x 764, 765 (9th Cir. 2009) ("[P]arties settle for reasons that often have nothing to do with a claim's actual value."). Parties often also agree to even unfavorable terms for reasons beyond the merits of their cases. *See Fisher v. Kelly*, 105 F.3d 350, 353 (7th Cir. 1997) ("[T]here are reasons for parties to settle that are wholly unrelated to the substance and issues involved in the litigation. A suit may be groundless, and settled for its nuisance value, or settled by a party for wholly gratuitous reasons." (alteration and citation omitted)). That Defendant may have been given an insurance payout, as part of a settlement agreement, for example, therefore does not tend to prove that the alleged product was destroyed by rain rather than stolen.

The Court should therefore exclude the settlement related evidence from the related civil cases as inadmissible irrelevant evidence. *See also United States v. Bailey*, 327 F.3d 1131, 1146 (10th Cir. 2003) ("[W]e believe that the potential impact of evidence regarding a civil settlement agreement is even more profound in criminal proceedings than it is in civil proceedings." (quoting *State v. Gano*, 92 988 P.2d 1153, 1159 (Haw. 1999))).

### 2. Evidence is Inadmissible Pursuant to Rule 408

Evidence regarding the settlements of the related civil lawsuits is also specifically barred by Federal Rule of Evidence 408(a). *See United States v. Worman*, No. 2:23-CR-00136, 2024 WL 3347353, at *5 (D. Idaho July 9, 2024) ("Rule 408 . . . is typically applied to exclude evidence of civil

5

U.S. v. Best
Case No. 1:22-cr-00241-JLT-SKO

negotiations in a subsequent criminal prosecution."). "Under Rule 408(a), evidence of a settlement or from settlement negotiations is inadmissible when offered 'to prove or disprove the validity or amount of a disputed claim or to impeach by a prior *inconsistent* statement or a contradiction.'" *ACTCA v. Rhythm Pharms., Inc.*, No. 2:22-CV-01127, 2023 WL 5748415, at *5 (C.D. Cal. Aug. 24, 2023) (citing Fed. R. Evid. 408(a) and emphasis in original). And while there are exceptions to Rule 408(a), Defendant does not proffer any argument that would merit their application. *See* Fed. R. Evid. 408(a)(2), (b). The underlying civil cases, for instance, did not involve negotiations "related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." *Worman*, 2024 WL 3347353, at *3 ("[S]uch evidence [may] be admitted 'when offered in a criminal case ***and*** when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." (emphasis added and citation omitted)). There is also no indication that any settlement negotiations and the resulting settlements would be relevant to "proving a witness's bias or prejudice." *Self v. FCA US LLC*, No. 17-CV-01107, 2018 WL 5999613, at *8 (E.D. Cal. Nov. 15, 2018) ("[Rule 408] contains an exception permitting admission of evidence . . . 'for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.'" (citation omitted)).[1]

### 3. Evidence Should Be Excluded Pursuant to Rule 403

Even if somehow relevant and beyond the purview of Rule 408, evidence of the settlement/outcomes of the civil cases and the settlement discussions will present a significant risk of unfair prejudice and is substantially likely to confuse and mislead the jury. *See* Fed. R. Evid. 403; *see also United States v. Davis*, No. CRIM.A. 09-343, 2009 WL 3646459, at *4 (E.D. Pa. Nov. 4, 2009) ("Even if the settlement agreement is offered for a proper purpose under Rule 408, the evidence is still subject to a balancing analysis under Rule 403." (collecting cases and citations omitted)). While such evidence provides minimal value, as detailed above, the jury, given the overlap in issues in the civil and criminal cases, is significantly likely to confuse, *inter alia*, the different claims and charges, the different elements, and the different standards of proof. As lay-people, the jury is at significant risk of being

---

[1] The settlement discussions would also presumably have been principally between participating attorneys.

6

U.S. v. Best
Case No. 1:22-cr-00241-JLT-SKO

misled to place undue emphasis in the outcomes of the civil cases as indicative of Defendant's innocence or guilt. *See United States v. Arias*, 431 F.3d 1327, 1337 (11th Cir. 2005) ("[P]ermitting the admission of civil settlement offers in subsequent criminal prosecutions actually compromises the accuracy of the jury's determination.").

The Court should therefore exclude such evidence as its probative value is substantially outweighed by the danger of unfair prejudice, and substantial risk of confusing and misleading the jury. *See, e.g.*, *United States v.* Sinclair, 74 F.3d 753, 757 (7th Cir. 1996) (no abuse of discretion where district court excluded testimony involving legal issues raised in related civil suits under Rule 403 because the evidence "could confuse or distract the jury"); *United States v. Anderson*, 933 F.2d 1261, 1276 (5th Cir. 1991) (finding no abuse of discretion where district court excluded evidence of related, pending civil lawsuit under Rule 403 "because it would confuse the issues for the jury or unduly consume time"); *United States v. Thompson*, No. CR19-159-RSL, 2022 WL 2056234 at *4 (W.D. Wash. June 7, 2022) (excluding evidence of related class action settlement under Rule 403 because "the jury may be unduly swayed by the large amount of money involved and the fact that [the relevant party] agreed to the settlement"); *United States v. Park*, No. CR 08-00220 MMM, 2008 WL 2338298 at *7 (C.D. Cal. May 27, 2008) (excluding evidence of related civil settlement at criminal trial because the evidence would "result in distraction and jury confusion"); *United States v. Wittig*, No. 03-40142JAR, 2005 WL 1227938 at *3 (D. Kan. May 23, 2005) (granting government's motion in limine to exclude reference to related civil arbitration because a "criminal trial is not the appropriate venue to try the civil arbitration proceeding" and "injecting the civil arbitration into the criminal trial will confuse issues and the jury").

### 4. Evidence from the Civil Cases that is Otherwise Relevant and Admissible

To be clear, the United States is not seeking to exclude all evidence that was part of the related civil proceedings. Any evidence in the civil cases that is otherwise relevant and admissible should not be excluded. *But see United States v. Pitt-DesMoines, Inc.*, No. 96 CR 513, 1997 WL 525372, at *1-2 (N.D. Ill. July 31, 1997) (excluding as hearsay at criminal trial prior civil citation and civil complaint); *United States v. Kail*, 535 F. Supp. 3d 888, 892 (N.D. Cal. 2021) ("The parties do not dispute that [statement made in related civil suit] is…hearsay."); *United States v. Shayota*, 15-CR-00264-LHK, 2016

WL 6093238 at *7 (N.D. Cal. Oct. 19, 2016) (explaining that there was "no dispute" that statements made in the course of related civil action were hearsay to the extent they were introduced for the truth of the matter asserted in the criminal case).

### B. Defendant should be Precluded from Introducing Evidence of Unrelated Business Disputes

The Court should preclude Defendant from introducing evidence of unrelated business disputes between Defendant and the victim entities and their representatives. Based on conversations with defense, the United States believes Defendant desires to argue that the victim entities and their representatives treated him unfairly.

#### 1. Evidence is Irrelevant to Criminal Case

Evidence of unrelated business disputes, by definition, are not relevant to proving or disproving the criminal charges or defenses thereto. A failure by the victim entities and their representatives to pay invoices on time, for example, does not tend to prove any of charges in the indictment. As a criminal matter, such failure also does not give rise to a civil defense such as the affirmative defense of unclean hands. *United States v. Tanke*, No. 209CR0293WBSKJNP, 2016 WL 6248413, at *4 (E.D. Cal. Oct. 26, 2016) ("The doctrine of unclean hands is not available as a defense in criminal cases.").[2] And a mere business dispute does not allow for the application of criminal affirmative defenses such as "justification." *See United States v. Gomez*, 92 F.3d 770, 775 (9th Cir. 1996) (requiring, *inter alia*, an "unlawful and present threat of death or serious bodily injury" and "no reasonable legal alternative for the defense of justification). As a result, the evidence of unrelated business disputes is inadmissible as irrelevant evidence.

#### 2. Evidence is Impermissible Character Evidence

The Court should also preclude Defendant from introducing evidence of unrelated business disputes as impermissible character evidence. Based on discussions with the defense, Defendant may argue that the witness representatives of the victim entities acted unfairly towards him and his company

---

[2] *report and recommendation adopted*, No. 214CV01243WBSKJN, 2016 WL 7159287 (E.D. Cal. Dec. 8, 2016), *vacated*, No. 2:09-CR-0293 WBS, 2017 WL 2992530 (E.D. Cal. Jan. 30, 2017), *and report and recommendation adopted*, No. 2:09-CR-0293 WBS KJN, 2017 WL 2972258 (E.D. Cal. July 12, 2017).

in the past and that such prior "bad acts" are consistent with the representatives' actions as to their transactions involving canola meal pellets. But subject to certain exceptions not relevant in this case, Federal Rule of Evidence 404(b) prohibits "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with their character."

### 3. Evidence Should Be Excluded Pursuant to Rule 403

Even if somehow relevant and not excludable as impermissible character evidence, Defendant's introduction of evidence of unrelated business disputes will present a significant risk of unfair prejudice and is substantially likely to confuse and mislead the jury. *See* Fed. R. Evid. 403. While such evidence provides minimal value, as detailed above, a discussion of multiple unrelated business disputes is likely to confuse the jury as to what matters in the criminal case—both as to the charges at issue and relevant defenses. As lay-people, the jury is also at significant risk of being misled to weigh relative wrongs of Defendant and the victim entities as opposed to focusing on whether Defendant is guilty of the charged criminal offenses.

The Court should therefore preclude Defendant from introducing such evidence as its probative value is substantially outweighed by the danger of unfair prejudice, and substantial risk of confusing and misleading the jury. *See ShowCoat Sols., LLC v. Butler*, No. 1:18-CV-789-ALB, 2020 WL 7084544, at *1 (M.D. Ala. Jan. 16, 2020) (collecting cases where unrelated lawsuits and business disputes were excluded); *see also United States v. James*, 607 F. Supp. 3d 246, 255 (E.D.N.Y. 2022) ("[A] defendant may not advance a 'blame the victim' defense." (citation omitted)).

### C. Any evidence and argument as to Duress should be excluded

The Court should exclude any evidence and argument of duress. Specifically, the Court should exclude any argument of duress related to Defendant's co-defendant.

The Ninth Circuit has "long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (citation omitted). "Absent such a prima facie case, evidence of duress is not relevant." *Id.* (citation omitted). "While the constitutional right to testify permits a defendant to choose whether or not to take the witness stand, it does not authorize a

9

U.S. v. Best
Case No. 1:22-cr-00241-JLT-SKO

defendant to present irrelevant testimony." *Id.* (citation omitted). "Accordingly, a district court may exclude evidence on duress and may refrain from providing a jury instruction on duress where the defendant's proffer failed to make a prima facie showing of the required elements." *Id.* (citation omitted).

"A defendant must establish three elements in order to present [a duress] defense: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *Id.* (citation omitted and alteration in original). "The type of duress or coercion that will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done." *Id.* (citation and internal quotation marks omitted). "Of crucial importance in any attempt to raise duress as a defense are the elements of immediacy and opportunity to avoid the act." *Id.* (citation omitted).

"To establish the element of immediacy, a defendant must make a prima facie showing that the defendant completed the illegal action under a threat of immediate harm to the defendant or the defendant's family." *Id.* "Under this test, the threat to the defendant or the defendant's family must be present, immediate, or impending, such that the defendant's persecutors figuratively held a gun to his head (or to his family's heads) compelling the defendant to commit the illegal action." *Id.* (citations and internal quotation marks omitted). "A threat raising the possibility of action after thirty days does not meet the requirements of immediacy." *Id.* (citations omitted).

Undisputedly, Defendant cannot make out a pre-trial offer of proof of a prima facie case of duress. Defendant has never claimed that his co-defendant threatened him with death or serious bodily injury. In a related civil case, Defendant, in fact, admitted that his co-defendant had never "threatened" or scared him in any way regarding the potential disclosure of the payments made to the co-defendant over the years.[3] Not concerned with death or serious bodily injury, Defendant may attempt to argue duress based on the potential financial ruin of his company. Defendant claims that refusing to sell the

---

[3] If Defendant disputes this claim, the United States will submit a copy of the relevant deposition testimony to the Court.

canola meal pellets and other products at the behest of his co-defendant would have led to financial ruin for his company. But a viable duress defense again requires a threat of death or serious bodily injury.

### IV. CONCLUSION

For the reasons set forth above, the Court should grant the United States' motion in limine to exclude evidence.

DATED: October 6, 2025

Respectfully submitted,

ERIC GRANT
United States Attorney

By: /s/ *Chan Hee Chu*
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorney