ERIC GRANT
United States Attorney
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD BEST,<br><br>    Defendant. | Case No. 1:22-cr-00241-JLT-SKO<br><br>**UNITED STATES' MOTION IN LIMINE #2 TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT AT TRIAL**<br><br>DATE: TBD<br>TIME: TBD<br>JUDGE: Honorable Jennifer L. Thurston |

The United States of America (the "United States") submits this motion in limine to exclude certain evidence and argument at trial (the "Motion"). For the reasons set forth herein, the Motion should be granted.

## I. BACKGROUND

### A. Procedural History

On September 1, 2022, a federal grand jury returned an indictment charging Defendant Richard Best ("Defendant") with three counts: (1) one charge for conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; and (2) two charges for wire fraud, in violation of Title 18, United States Code, Section 113(a)(4). [ECF #1 at 1, 6].

On September 3, 2025, the Court issued a pretrial order, including a motion schedule, with initial moving papers due on October 6, 2025, at 4:00 p.m. [ECF #57]. Oppositions to motions in limine are due on October 17, 2025. If necessary, the Court will schedule a motion hearing. *Id.*

A jury trial is scheduled for November 4, 2025, at 8:30 a.m. *Id.* At trial, the United States will prove beyond a reasonable doubt that at latest, in or around January 2015, and continuing until at least in or around February 2017, Defendant and Shawn Sawa (the "co-defendant") knowingly and intentionally agreed, combined, and conspired with each other, to execute and attempt to execute, by wire communications in interstate commerce, a material scheme to defraud various companies, and to obtain property owned by and under the custody and control of said companies (namely canola meal pellets), by means of materially false and fraudulent pretenses, representations, and promises. The United States will also prove beyond a reasonable doubt that Defendant, in executing this scheme to defraud, knowingly transmitted and caused to transmitted, by means of wire communications in interstate commerce, a wire transfer on January 5, 2017, of $20,000 from Texas to Defendant's bank account in the State and Eastern District of California, and an email of a company's inventory reports from Defendant's inventory manager, then-located in the State and Eastern District of California, to that company, whose recipient was then-located in the state of Illinois.

Prior to submission of this motion, the parties met and conferred as to the motion in limine and possible resolutions.

**B.     Evidence and Arguments at Issue**

By this motion in limine, the United States seeks to exclude certain evidence that is typically excluded in criminal cases as a matter of course. Specifically, the United States moves to exclude the following categories of evidence: (1) Defendant's self-serving hearsay; (2) Defendant's potential punishment or sentence; (3) any opinions on Defendant's guilt or innocence; and (4) any evidence not produced as reciprocal discovery.

## II. LEGAL STANDARD

A motion in limine is a pretrial request for the Court's guidance on the admissibility of certain evidence and arguments at trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) ("The term 'in limine' means 'at the outset.'"); *United States v. Castro-Cabrera*, 452 F. App'x 789, 792 (9th Cir. 2011) (affirming motion in limine excluding certain evidence and argument at trial). Trial courts have wide discretion in deciding such motions and may even "change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 (2000); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (explaining limine ruling are grounded in trial courts' "inherent authority to manage the course of trials"). Courts, however, should not use motions in limine to "resolve factual disputes or weigh evidence." *United States v. Haischer*, No. 2:11-CR-00267-MMD, 2012 WL 5199148, at *1 (D. Nev. Oct. 18, 2012).

## III. ARGUMENT

### A. The Defendant's Self-Serving Statements are Inadmissible Hearsay

The United States moves to prohibit the defense from introducing testimony or other evidence of out-of-court, self-serving statements made by Defendant.

Out-of-court, self-serving statements by Defendant are considered inadmissible hearsay under the Federal Rules of Evidence. While the United States is permitted to use Defendant's statements pursuant to Federal Rule of Evidence 801(d)(2) (admission by party-opponent), that Rule does not permit Defendant to admit his own statements. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("If the district court were to have ruled in his favor, [defendant] would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'" (citation omitted)).

Defendant also cannot introduce his own self-serving hearsay as a prior consistent statement without satisfying the following requirements: "(1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and, (4) the prior consistent statement

must be made prior to the time that the supposed motive to falsify arose." *United States v. Bao*, 189 F.3d 860, 864 (9th Cir. 1999) (citation omitted).

### B. The Defendant's Potential Punishment or Sentence is Inappropriate for the Jury to Consider

The United States moves to preclude Defendant, his counsel, and any witness from making any comment or reference, whether direct or indirect, of any potential punishment or sentence that may be imposed on Defendant. Specifically, the Court should preclude any reference in the presence of the jury, including during voir dire and trial, to the following: (1) the potential penalties Defendant may face; (2) statutory maximums or minimums applicable to Defendant; (3) any sentencing range upon Defendant's conviction; and (4) any collateral effect of Defendant's conviction.

Consistent with this request, courts have explained that a jury is not to consider evidence of potential punishment or sentence in determining a defendant's guilt or innocence. *See United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992), *as amended on denial of reh'g* (Feb. 11, 1992) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."). While a judge "imposes sentence on the defendant after the jury has arrived at a guilty verdict," "the jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.* (citation omitted); s*ee also Rogers v. United States*, 422 U.S. 35, 40 (1975) ("[T]he jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed." (citations omitted)).

If Defendant were to testify, the United States, consistent with this request, seeks to preclude any questioning by Defendant's counsel regarding Defendant's future. That line of questioning is likely to place the issue of penalty or punishment in front of the jury. *See United States v. Clairmont*, No. 3:24-CR-30014-RAL, 2024 WL 3066738, at *2 (D.S.D. June 20, 2024) (excluding "any reference to how adverse collateral effects a felony conviction may impact [defendant's] future").

### C. Any Opinions on the Defendant's Guilt or Innocence are Inadmissible

The United States moves to preclude Defendant, his counsel, or any witnesses from expressing, directly or indirectly, an opinion on Defendant's guilt or innocence. *See* Fed. R. Evid. 401. Not only inadmissible as irrelevant evidence, any expression of an opinion on the Defendant's guilt or innocence by a witness would invade the province of the jury as the factfinder. *See United States v. Thomas*, No. 1:14-CR-00228-LJO-SKO, 2016 WL 2926511, at *2 (E.D. Cal. May 19, 2016) (granting same objection).

### D. Evidence Not Provided as Reciprocal Discovery Should be Excluded

Consistent with Federal Rule of Criminal Procedure 16, the United States again requests any unproduced reciprocal discovery.

The United States will object to the introduction of any evidence at trial that was not previously provided by defense and will likely seek to exclude it from the record. *See generally Taylor v. Illinois*, 484 U.S. 400, 411-16 (1988) (affirming sanctions against a defendant for "willful and blatant" discovery violations).

## IV. CONCLUSION

For the reasons set forth above, the Court should grant the United States' motion in limine to exclude evidence.

DATED: October 6, 2025

Respectfully submitted,

ERIC GRANT
United States Attorney

By: /s/ *Chan Hee Chu*
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorney