ERIC GRANT
United States Attorney
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>RICHARD BEST,<br><br>                Defendant. | Case No. 1:22-cr-00241-JLT-SKO<br><br>**UNITED STATES' MOTION IN LIMINE #3 TO ADMIT CERTAIN EVIDENCE AND ARGUMENT AT TRIAL**<br><br>DATE:   TBD<br>TIME:    TBD<br>JUDGE: Honorable Jennifer L. Thurston |

The United States of America (the "United States") submits this motion in limine to admit certain evidence and argument at trial (the "Motion"). For the reasons set forth herein, the Motion should be granted.

## I. BACKGROUND

### A. Procedural History

On September 1, 2022, a federal grand jury returned an indictment charging Defendant Richard Best ("Defendant") with three counts: (1) one charge for conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; and (2) two charges for wire fraud, in violation of Title 18, United States Code, Section 113(a)(4). [ECF #1 at 1, 6].

On September 3, 2025, the Court issued a pretrial order, including a motion schedule, with initial moving papers due on October 6, 2025, at 4:00 p.m. [ECF #57]. Oppositions to motions in limine are due on October 17, 2025. If necessary, the Court will schedule a motion hearing. *Id.*

A jury trial is scheduled for November 4, 2025, at 8:30 a.m. *Id.* At trial, the United States will prove beyond a reasonable doubt that at latest, in or around January 2015, and continuing until at least in or around February 2017, Defendant and Shawn Sawa (the "co-defendant") knowingly and intentionally agreed, combined, and conspired with each other, to execute and attempt to execute, by wire communications in interstate commerce, a material scheme to defraud various companies, and to obtain property owned by and under the custody and control of said companies (namely canola meal pellets), by means of materially false and fraudulent pretenses, representations, and promises. The United States will also prove beyond a reasonable doubt that Defendant, in executing this scheme to defraud, knowingly transmitted and caused to transmitted, by means of wire communications in interstate commerce, a wire transfer on January 5, 2017, of $20,000 from Texas to Defendant's bank account in the State and Eastern District of California, and an email of a company's inventory reports from Defendant's inventory manager, then-located in the State and Eastern District of California, to that company, whose recipient was then-located in the state of Illinois.

Prior to submission of this motion, the parties met and conferred as to the motion in limine and possible resolutions.

B.  **Evidence and Arguments at Issue**

The United States moves to admit evidence of an agreement, and related facts, between Defendant and his co-defendant regarding payments made in exchange for the routing of train cars to Defendant's transloading facility. Beginning in and around 2008, the co-defendant agreed to route train cars, full of commodities, to Defendant's transloading facility for about $35 per train car. To facilitate these payments, the co-defendant formed a shell company called "AMR Consulting," named after his then-wife (specifically to receive payments from Defendant). After the formation of AMR Consulting, Defendant began making the payments for the rail cars to the bank account of that shell company. Eventually, Defendant caused the co-defendant's share of the proceeds of the illicit sales of canola product, for which he is being tried, to be sent to the same bank account. The United States therefore

requires these facts to offer a coherent and comprehensible story about the defendants' developing relationship, eventual turn to side deals, and methods used to distribute profits, including ultimately the sharing of profits from the sale of product belonging to the victim entities.

Even if considered under Rule 404(b), this rail car agreement and related facts are admissible to prove knowledge, intent, absence of mistake and accident. The amount of funds transferred to the AMR Consulting bank account grew exponentially over time. Given the nature of the rail car agreement, both defendants knew that the later, much larger wire transfers could not be explained by the earlier agreement. Further, INDIVIDUAL ONE,[1] a known commodity feed broker, rather than Defendant, began wiring much of the funds transferred to AMR Consulting. This transition from Defendant to INDIVIDUAL ONE, in terms of wire transfers, tends to prove both defendants knew both the source and nature of the profits.

## II. LEGAL STANDARD

A motion in limine is a pretrial request for the Court's guidance on the admissibility of certain evidence and arguments at trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) ("The term 'in limine' means 'at the outset.'"); *United States v. Castro-Cabrera*, 452 F. App'x 789, 792 (9th Cir. 2011) (affirming motion in limine excluding certain evidence and argument at trial). Trial courts have wide discretion in deciding such motions and may even "change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 (2000); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (explaining limine ruling are grounded in trial courts' "inherent authority to manage the course of trials"). Courts, however, should not use motions in limine to "resolve factual disputes or weigh evidence." *United States v. Haischer*, No. 2:11-CR-00267-MMD, 2012 WL 5199148, at *1 (D. Nev. Oct. 18, 2012).

## III. ARGUMENT

### A. Evidence of the Prior Rail Car Agreement and Related Facts should be Admitted

Although character or propensity evidence is generally inadmissible to prove conformity therewith, Federal Rule of Evidence 404(b) allows admission of evidence of a defendant's crimes,

---

[1] This is the same individual identified in the same manner in the indictment.

wrongs, or other bad acts to prove, *inter alia*, "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ultimately, as an "inclusive" rule, 404(b) allows admission of "other acts evidence . . . whenever relevant to an issue other than defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted); *see United States v. Cruz-Garcia*, 344 F.3d 951, 955 (9th Cir. 2003) (explaining other purpose list is "not exhaustive"). Nonetheless, to be admissible under Rule 404(b), prior bad act evidence must satisfy four requirements: (1) the evidence tends to prove a material fact; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the person committed the act; and (4) if admitted to prove intent or knowledge, the act is similar to that charged. *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996) (citation omitted). When the four factors are met, the evidence should be admitted "unless its prejudicial impact substantially outweighs its probative value," pursuant to Rule 403. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997) (citation omitted).

Evidence of "other acts," however, "is not subject to [the] Rule 404(b) analysis [discussed above] if it is 'inextricably intertwined' with the charged offense." *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018) (citation omitted); *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) ("Other act evidence that is inextricably intertwined with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)." (citation and internal quotation marks omitted)). "This exception applies when (1) particular acts of the defendant are part of . . . a single criminal transaction, or when (2) other act evidence . . . is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Wells*, 879 F.3d at 928 (citation and internal quotation marks omitted; alteration in original).

### 1. Evidence is Admissible as Inextricably Intertwined with the Charged Offenses

Defendant's agreement to pay his co-defendant a sum of money for each train car sent to Defendant's transloading facility and the actions undertaken to facilitate those transactions are inextricably intertwined with the charges in the indictment and should not be considered "other crimes" evidence. *See United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) ("Evidence should not be considered other crimes" evidence when the evidence concerning the [other] act and the evidence concerning the crime charged are inextricably intertwined." (citation and internal quotation marks

omitted)). The defendants' deal as to the train cars and the subsequent creation of "AMR Consulting," for the purpose of paying the co-defendant, are necessary in offering a "coherent and comprehensible story" as to the charged crimes. Specifically, this evidence helps establish the defendants' developing relationship over the years, their eventual venture into side deals, including the sale and sharing of profits of canola, and the very purpose of AMR Consulting and its bank account. *See United States v. Miller*, No. 21-50204, 2023 WL 2064542, at *1 (9th Cir. Feb. 17, 2023) (evidence necessary to offering coherent and comprehensible story because it, *inter alia*, "established a relationship" between defendants, explained a defendant's "familiarity with [certain] property"), *cert. denied*, 143 S. Ct. 2597 (2023); *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (evidence necessary to offering coherent and comprehensible story because it "showed that the relationship was ongoing," and explained why defendant was entrusted with product valued at over $1,000,000). Without the context provided by this backstory, the jury is more likely be confused as to the eventual, sudden discussions of AMR Consulting and payments thereto. *See United States v. Carpenter*, 923 F.3d 1172, 1181 (9th Cir. 2019) (evidence admissible where "relevant to give context"); *see also United States v. Luyster*, 821 F. App'x 819, 820 (9th Cir. 2020) (finding admissible action which "kickstarted" chain of events leading to charged conduct).

### 2. Evidence is Admissible to Show Knowledge, Intent, Absence of Mistake and Accident

Defendants' prior agreement and related acts are also admissible to show knowledge, intent, absence of mistake and accident as to the charged conduct.[2] *See Tsinnijinnie*, 91 F.3d at 1288-89 (detailing four-part test).

First, the prior agreement and related acts "tend to prove material facts," including knowledge. Given the nature of the agreement ($35 per rail car), both defendants knew that the eventual, much larger transfer of funds to the AMR Consulting bank account was not based on the rail car agreement, even by way of comparison. That much of the later, larger amounts were also being wired by INDIVIDUAL ONE, a broker of daily feed commodities, further tends to prove knowledge of the

---

[2] While this motion focuses on "knowledge" for purposes of discussion of the four-part test, the evidence is admissible for all the other stated purposes.

charged conduct. AMR Consulting was created specifically for the co-defendant to receive funds from Defendant. INDIVIDUAL ONE's known occupation and reason for the creation of AMR Consulting tend to prove that both defendants knew the nature and source of the later payments (sale of canola product belonging to the victim entities).

Second, the rail car agreement and related facts occurred only 7 to 9 years before the charged conduct (2008 to 2015–2017). *See Johnson*, 132 F.3d at 1283 (holding that thirteen years since prior act not too remote in time); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (same); *see also United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990) (measuring remoteness from prior abuse to when abuse for which defendant was charged occurred).

Third, both defendants readily admitted the existence of the rail car agreement (in interviews and their civil depositions), "satisfy[ing] the low-threshold test of sufficient evidence for the purposes of Rule 404(b)." *United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004), *as amended on denial of reh'g* (July 23, 2004) (explaining one witness was sufficient) (citation omitted).

And finally, the prior rail car agreement and related facts are similar to the charged conduct regarding the sale of canola. In both cases, the defendants agreed to a side deal, outside the purview of the victim entities, with the co-defendant receiving funds through AMR Consulting. Essentially, the defendants utilized the infrastructure created for the purpose of the rail car agreement in carrying out the charged conduct regarding canola. *See United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994) (finding sufficient similarity based on manner of execution and nature of harm).

### 3. Admission of Evidence Satisfies Rule 403

The admission of this evidence also satisfies Federal Rule of Evidence 403 as it provides substantial probative value in providing the backstory and context as to the defendants' relationship, turn to side deals, and the methods in which the defendants carried out their conspiracy. Prejudice in admitting the evidence will also be minimal as the jury will be able to clearly distinguish between the rail and canola selling schemes. *See Bennion & Deville Fine Homes Inc. v. Windermere Real Est. Servs. Co.*, No. ED CV 15-01921-DFM, 2018 WL 4825956, at *2 (C.D. Cal. Apr. 11, 2018) (finding admission of prior acts "probative of the history of the relationship between . . . parties" to be minimally prejudicial).

## IV. CONCLUSION

For the reasons set forth above, the Court should grant the United States' motion in limine to admit evidence.

DATED: October 6, 2025

Respectfully submitted,

ERIC GRANT
United States Attorney

By: */s/ Chan Hee Chu*
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorney