ERIC GRANT
United States Attorney
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BEST,<br><br>Defendant. | CASE NO. 1:22-CR-00241-JLT-SKO<br><br>**UNITED STATES' MOTION IN LIMINE NO. 4 – ADMISSION OF BUSINESS RECORDS**<br><br>TRIAL DATE: November 4, 2025<br>HEARING DATE: TBD<br>TIME: TBD<br>COURT: Hon. Jennifer L. Thurston |

## I.  INTRODUCTION

The United States moves for a pretrial ruling on the authenticity and admissibility of certain certified business records pursuant to Federal Rule of Evidence 902, as certified copies of certified domestic records of a regularly conducted activity and otherwise admissible hearsay pursuant to Federal Rule of Evidence 803(6) (Records of Regularly Conducted Activity).

Much of the evidence in this case will consist of routine business records. These documents generally consist of bank records (bank statements, wire transfers, incoming and outgoing checks, deposits, credit, etc.), phone tolls, and business records (invoices, inventory reports, etc.).

The business records in question, together with all but one[1] of their respective 902 certifications,

---

[1] 902(11) certificates are outstanding for Riverview Dairy. The custodian of records for that entity has been subpoenaed and will be called unless they produce 902(11) certificates in advance of trial – which certificates will be immediately produced to the defendant. Given that these certificates have not been produced to the defendant, the United States requests the Court defer ruling on the admissibility of that item.

1

have been provided to the defendant. They are specifically identified in the table attached hereto as Exhibit 1. The United States is prepared, if required, to call custodians of record to authenticate and offer the documents. However, many will be required to travel from outside the Fresno area. Federal Rule of Evidence 902 was intended for this purpose and the resulting savings of the Court's time and resources. *See* Fed. R. Evid. 902, Advisory Committee Notes.

Since the custodial witnesses may testify early in the trial, the United States requests a pre-trial ruling on this issue, or in the alternative, at the start of trial.

## II. BACKGROUND

The defendant is charged with conspiracy to commit wire fraud and two counts of wire fraud between January 2015 and February 2017. ECF 1. The charges relate to a scheme to defraud the defendant's customers by secretly stealing tens of thousands of tons worth of canola and other feed products over several years. The defendant sold the stolen canola to dairies and other businesses in the Central Valley while falsifying inventory reports to his customers. To effectuate this scheme, the defendant conspired with a co-defendant who was employed by one of the defendant's customers.

As part of its investigation, the Government obtained the following business records with accompanying certifications from the custodians of records in accordance with Rule 902(11):

(1) The defendants' and others' Bank of America, Bank of the West, Citibank, Frost Bank, JPMorgan Chase Bank, Chase Bank USA, Union Bank, Pacific Service Credit Union, and Wells Fargo, EDCU, and EDD records, including signature cards, account statements, checks, applications, wire transfers, deposits, checks, and lines of credit;

(2) Records from several dairy companies in the Central Valley, including inventory reports, invoices, and QuickReport transaction reports involving their purchase of the stolen canola and other feed products;

(3) Telephone call logs, including subscriber, telephone, call, and toll records from February 2017; and

(4) Accounting records, logs, calendars, and other business records related to INDIVIDUAL ONE's business.

*See* Exhibit 1.

At this time, the government intends to call approximately 50 to 60 witnesses in its case-in-chief. These witnesses include 25 to 30 custodians of records. Prior to filing this motion, the government conferred with defense counsel about the government's anticipated motions, including this one. The Government also sent a partial list of the Bates Stamped documents listed in Exhibit 1 to this motion to defense counsel and made the records and certifications available for inspection pursuant to Rules 902(11).[2] The government additionally produced the records and certifications in discovery, which were produced to the defendant in 2022.[3] The defendant declined to stipulate to the Government's preliminary list, but did not provide any reason why the documents with accompanying signed 902(11) certificates should not be pre-admitted.

### III. ANALYSIS

All of the records in Exhibit 1 are self-authenticating based on the custodians' certifications. Fed. R. Evid. 902(11). The records are admissible pursuant to the business records exception to the rule against hearsay. Fed. R. Evid. 803(6). Accordingly, the Court should grant the government's motion for a pretrial ruling that all records listed in Exhibit 1 to this motion are self-authenticating and admissible pursuant to a hearsay exception.

The United States plans to introduce certified business records from financial institutions, dairy companies, and telephone companies. The United States provided all these records to the defendant together with all but one of their 902(11) certifications in discovery. *See* Footnote 1.

For records to be admissible, "the following foundational facts must be established through the custodian of records or another qualified witness: (1) the records must have been made or transmitted by a person with knowledge at or near the time of the incident recorded; and (2) the record must have been kept in the course of a regularly conducted business activity." *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1991). The phrase "other qualified witness" is "broadly interpreted to require only that the witness understand the record-keeping system." *Id.* Thus, the Ninth Circuit has held that forms and documents are

---

[2] The Government sent a follow up email regarding additional documents with 902(11) certificates attached in discovery and defense responded that they would also oppose those documents.

[3] Only Verizon phone tolls (Exhibits 177, 178) and records from Robert Vander Eyk & Sons Dairy (Exhibits 162, 163) were produced in anticipation of trial. FBI reports, however, describing the phone tolls (BEST_00006074 – 6048) and Robert Vander Eyk & Sons Dairy business records (BEST_00000270 – 271) were produced in 2022 .

admissible when qualified employees of the institution testified that "while they themselves had no personal knowledge of the transactions or of the execution of the documents, the exhibits in question were kept in the regular course of business and [ ] they related to the individual loans involved." *Turner v. United States*, 202 F.2d 523, 525 (9th Cir. 1953).

The qualified witness need not be a current employee of the business in order to provide a sufficient business record foundation. *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993) (holding that testimony of former employees provided sufficient foundation when employees were familiar with contents and preparation of the exhibits in question).

Moreover, there is no requirement that the proponent establish when and by whom the documents were prepared as long as the witness can testify that the documents were made "at or near the time" of the act or events it purports to record. *United States v. Bland*, 961 F.2d 123, 127 (9th Cir. 1992); *Ray*, 930 F.2d at 1370–71. Exhibits "can be admitted as business records of an entity, even when that entity was not the maker of those records, so long as the requirements of Rule 803(6) are met and the circumstances indicate the records are trustworthy." *Childs*, 5 F.3d at 1333. In *Childs*, the district court admitted documents such as certificates of title, purchase orders, and odometer readings which were kept by auto dealerships in the regular course of their businesses, even though the dealerships did not themselves prepare the records. *Id*. at 1332–33. In upholding the admission of these documents as the dealerships' business records, the Ninth Circuit noted that the witnesses from the dealerships testified that the documents in question were kept in the regular course of business, and that the dealerships relied on the documents in conducting their business and had an interest in the reliability of the documents. *Id*.; *see also United States v. Licavoli,* 604 F.2d 613, 622 (9th Cir. 1979) (appraisal by appraiser retained by insurance company admissible as insurance company's business records).

Certificates of authentication are sufficient in order for business records to be admitted. Fed R. Evid. 803(6)(D) ("all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) (emphasis added)); Fed. R. Evid. 902(11) (noting business records are admissible without authentication at trial if accompanied "by a certification of the custodian or other qualified person" attesting that the records satisfy the requirements of Rule 803(6)); *United States v. Towns*, 718 F.3d 404, 409 (5th Cir. 2013) ("A proper foundation is laid

4

for business records simply by an affidavit that attests to the requisite elements of Federal Rule of Evidence 803(6)); *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011) (agreeing with other circuits and holding that certificates of authenticity presented under Rule 902(11) are not testimonial and not subject to the confrontation clause). *See Crawford v. Washington*, 541 U.S. 36, 56 (finding that most of the hearsay exceptions covered statements that were not testimonial, in particular, business records or statements in furtherance of a conspiracy).

Here, the business records listed in Exhibit 1 are all, except for two, properly certified by custodians who asserted that the records were made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters, were kept in the course of regularly conducted activity, and were made by the regularly conducted activity as a regular practice, in compliance with Federal Rules Evidence 902(11) and 803(6). As such, they are properly authenticated and are admissible hearsay.

## IV. CONCLUSION

For the reasons set forth above, the Government requests that the Court issue a ruling pre-admitting reliable business records supported by signed 902(11) certificates, which are set forth in Exhibit 1 of this Motion. Pre-admitting these records will avoid calling 25 to 30 custodial witnesses at trial, which will greatly reduce trial time, increase courtroom efficiency, and conserve judicial resources.

Dated: October 6, 2025

ERIC GRANT
United States Attorney

By: /s/ CODY S. CHAPPLE
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys