ERIC GRANT
United States Attorney
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00241-JLT-SKO |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' CHANGE OF PLEA MEMORANDUM** |
| RICHARD BEST, | DATE: October 14, 2025 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. Jennifer L. Thurston |

### I.     INTRODUCTION

Defendant Richard Best is charged in an indictment with one count of conspiracy to commit wire fraud and two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and a forfeiture allegation under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States extended a plea offer to Best that expired on August 18, 2025. The Court issued a pretrial order on September 3, 2025, for the November 4, 2025, trial date, and the parties began preparing for trial. Pursuant to that order, the Government filed preliminary exhibit and witness lists on September 29, 2025, and Motions in Limine on October 6, 2025. On October 10, 2025, Best's attorney reached out to the Court and the Government stating that Best would like to plead guilty instead of going to trial. In response, the Court issued a minute order setting a change of plea hearing on October 14, 2025.

1

Now, the United States submits this memorandum in advance of the hearing for the convenience of the Court. The government will seek restitution from Best, but it will not be pursuing any forfeiture.

## II. ELEMENTS OF THE OFFENSE

If this matter proceeded to trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty.

As to Count One, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349:

> (1) Defendant entered into an agreement with at least one other person to, in some way, try to accomplish a common and unlawful plan to commit the crime of wire fraud; and
>
> (2) Defendant knew the unlawful purpose of the plan and willfully joined in the plan with the intent to accomplish it.

18 U.S.C. § 1349.

As to Counts Three and Four, wire fraud in violation of 18 U.S.C. § 1343:

> (1) Defendant knowingly participated in a scheme to defraud and made false representations in connection therewith;
>
> (2) False representations were material and capable of influencing a person to part with money or property;
>
> (3) Defendant acted with intent to defraud, that is, the intent to deceive and cheat; and
>
> (4) Defendant caused an interstate wire to be used to for an essential part of the scheme.

18 U.S.C. § 1343; *See also*, 9th Cir. Model Jury Inst. § 15.35 (*revised* Mar. 2025).

## III. MAXIMUM SENTENCE

### A. Maximum Penalty

The maximum sentence that the Court can impose for each count is twenty (20) years of incarceration, a fine of $250,000, three (3) years of supervised release, and a special assessment of $100.

### B. Violations of Supervised Release

If the defendant violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two (2) years of additional imprisonment. *See* 18 U.S.C. § 3583(e).

///

## IV. FACTUAL BASIS FOR GUILTY PLEA

The United States proposes the following factual basis regarding the open change of plea:

Between January 2015 and February 2017, in the State and Eastern District of California, and elsewhere, the defendant Richard BEST entered into an agreement with Shawn Sawa to accomplish a common and unlawful plan to commit wire fraud. BEST knew the unlawful purpose of the plan and willfully joined in the plan with the intent to accomplish it.

Specifically, BEST, acting through his company, Richard Best Transfer, Inc. ("RBT"), in the State and Eastern District of California, entered into contracts with COMPANY ONE, COMPANY TWO, and other companies (all together, the "VICTIMS") where the VICTIMS regularly sent canola to BEST for delivery to their customers. These contracts required BEST to maintain accurate inventories of the VICTIMS' canola that they had in-stock at RBT and to submit inventory reports to them on a regular basis.

BEST and Shawn Sawa, who was an employee at COMPANY ONE and based in the State and Eastern District of California, secretly stole canola from the VICTIMS. They sold the stolen canola for their benefit without obtaining authorization from, or otherwise compensating, the VICTIMS. The sales were made through INDIVIDUAL ONE in Texas, who they agreed could receive a small commission on the sales. The proceeds of the sales were deposited into INDIVIDUAL ONE's bank account opened in Texas and then wire transferred to BEST and Sawa's accounts opened in the State and Eastern District of California. The wire transfers ranged from $10,000 to over $100,000 each and were made according to BEST and Sawa's instructions.

As part of the scheme, BEST and Sawa agreed to send the VICTIMS fraudulent inventory reports that falsely represented the VICTIMS had significant amounts of canola in-stock at RBT when there was no canola left because BEST and Sawa had stolen and sold it. These misrepresentations were material to the VICTIMS.

As part of the scheme, on or about January 5, 2017, BEST and Sawa caused a wire transfer in the amount of $20,000 to be made from INDIVIDUAL ONE's bank account ending in 4746 in Texas to BEST's personal bank account ending in 3006 in the State and Eastern District of California. On or about February 1, 2017, BEST and Sawa also caused an email message to be sent from an RBT employee, in the State and Eastern District of California, to COMPANY ONE, in Illinois, that contained a fraudulent inventory report that falsely represented RBT had a significant amount of COMPANY ONE's canola in-stock when there was no canola left because BEST and Sawa had stolen and sold it.

///
///
///
///
///
///
///
///

## V. CONCLUSION

The United States respectfully submits this memorandum for the Court's convenience during the anticipated open change-of-plea hearing.

Dated: October 13, 2025

ERIC GRANT
United States Attorney

*/s/ Cody Chapple*
Chan Hee Chu
Cody S. Chapple
Assistant United States Attorneys